# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
January 7, 2003 Session

## STATE OF TENNESSEE v. JERRY BAXTER GRAVES

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 69593     Richard R. Baumgartner, Judge**

**No. E2001-00123-SC-R11-CD - Filed May 27, 2003**

Janice M. Holder, J., concurring.

I agree that the judgment of the Court of Criminal Appeals should be affirmed. I write separately because I disagree with the majority's conclusion that the trial court did not err in failing to grant the defendant's pre-trial Rule 5.1(a) motion to dismiss the indictment and remand for a new preliminary hearing when a recording of the defendant's preliminary hearing was not preserved. I would hold that in all cases in which the failure to record a preliminary hearing is brought to the attention of the trial court prior to trial, the appropriate remedy is to dismiss the indictment and remand for a new preliminary hearing that is properly recorded. To so require will promote judicial economy and obviate subsequent review to determine if the failure to comply with Rule 5.1(a) constituted error.

In the present case, I would apply the non-constitutional harmless error standard to determine whether the trial court's failure to dismiss the indictment and remand for a new preliminary hearing merits reversal, as there is no constitutional right to have one's preliminary hearing recorded. Under this standard, reversal is not warranted unless the error complained of more probably than not affected the judgment to the defendant's prejudice. See Tenn. R. Crim. P. 52(a) (stating that "[n]o judgment of conviction shall be reversed on appeal except for errors which affirmatively appear to have affected the result of the trial on the merits"); see also State v. Bowers, 77 S.W.3d 776, 791 (Tenn. Crim. App. 2001) (applying non-constitutional harmless error analysis to the trial court's violation of Rule 30 of the Tennessee Rules of Criminal Procedure).

The defendant argues that because Richards' testimony at trial was different from his testimony at the preliminary hearing, the lack of a recording hampered his ability to impeach Richards at trial. However, defense counsel, who was present at the preliminary hearing, illustrated discrepancies in Richards' testimony at trial without the benefit of a recording of the preliminary hearing. Therefore, no prejudice to the defendant was shown. Moreover, remanding the case for a new preliminary hearing would not assure the defense that the same discrepancies would occur in Richards' testimony. Thus, because the failure to properly record the preliminary hearing did not more probably than not affect the judgment to the defendant's prejudice, I would hold that reversal in this case is not warranted.

In summary, I disagree with the majority's conclusion that the trial court did not err in failing to grant the defendant's pre-trial Rule 5.1(a) motion to dismiss the indictment and remand for a new preliminary hearing. However, I would hold that the error in this case was harmless.

_____
JANICE M. HOLDER, JUSTICE